UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:15-cr-297-T-33TGW

JERMAINE LEONTAE CARLYLE

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Jermaine Leontae Carlyle's pro se Motion for Compassionate Release (Doc. # 72), filed on November 30, 2020. For the reasons that follow, the Motion is denied without prejudice.

## I. Background

In 2015, Carlyle pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. # 20). The Court sentenced him to 77 months' imprisonment on May 12, 2016. (Doc. # 45). According to the Bureau of Prisons (BOP) website, Carlyle is thirty-two years old and his projected release date is May 25, 2021.

Carlyle now seeks compassionate release from prison due to his health issues. (Doc. # 72). The government responded in opposition (Doc. # 80) and the Motion is ripe for review.

## II. Discussion

In his Motion, Carlyle explains that he suffers from several health issues and requests compassionate release or a reduction in sentence due to "extraordinary and compelling reasons." (Doc. # 72 at 4-5). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. Carlyle requests a reduction in sentence under Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

But Section 3582(c) only empowers the Court to grant a reduction in sentence on the defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

2

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (explaining that the First Step Act of 2018 "does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief").

Here, Carlyle asserts that he has exhausted all administrative remedies because he submitted a request for compassionate release on September 24, 2020, that went unresponded to. (Doc. # 72 at 3). However, as the government points out, Carlyle does not attach any records establishing that he made such a request. (Doc. # 80 at 3). Furthermore, the BOP reports that they do not have any record of such a request in their database. (Doc. # 80-1).

Therefore, Carlyle has not met his burden to show that he has exhausted his administrative remedies in accordance with 18 U.S.C. § 3582(c)(1)(A). The Motion must therefore be denied without prejudice. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9,

2020) ("[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"). Carlyle is free to re-file his motion with appropriate records establishing that he exhausted his administrative remedies with the BOP.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Jermaine Leontae Carlyle's pro se Motion for Compassionate Release (Doc. # 72) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of January, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE